UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| INGENUITY 13 LLC, | No. C 12-4450 MMC (MEJ) |
| Plaintiff, | **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY** |
| v. | |
| JOHN DOE | **Re: Dkt. No. 6** |
| Defendant. | |

Plaintiff Ingenuity 13 LLC ("Plaintiff") has filed an Ex Parte Application pursuant to Federal Rule of Civil Procedure ("Rule") 26, requesting leave to take expedited discovery to determine the identity of Defendant John Doe ("Defendant"). Dkt. No. 6. For the reasons explained below, the Court **GRANTS** Plaintiff's Application.

## BACKGROUND

Plaintiff is the exclusive copyright holder to the adult entertainment video at issue in this case, *Five Fan Favorites*. Compl. ¶¶ 2, 3, 18, Dkt. No. 1. *Five Fan Favorites* is registered in the United States Copyright Office. *Id.* ¶ 19, Ex. A.

Plaintiff alleges that Defendant used BitTorrent, an internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute *Five Fan Favorites* in violation of the Copyright Act, 17 U.S.C. § 101 et seq. *Id.* at ¶¶ 22-31. Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, Defendant is liable for negligence and

contributory infringement. *Id.* ¶¶ 32-50. Because the alleged infringement occurred on the Internet, Plaintiff states that Defendant acted under the guise of his Internet Protocol ("IP") address rather than his real name. Hansmeier Decl. ¶¶ 20-24, Dkt. No. 6-1. As a result, Plaintiff contends that it cannot determine Defendant's true identity without procuring the information from Defendant's Internet Service Provider ("ISP"), which can link the IP addresses to a real individual or entity. *Id.* ¶¶ 28-30. Consequently, Plaintiff asks the Court to grant it expedited discovery to issue a subpoena to the relevant ISP so that it will produce identifying information for Defendant. Pl.'s App. at 2.

## DISCUSSION

Rule 26(d)(1) prohibits discovery without a court order prior to a Rule 26(f) conference between the parties. DCourts generally use a "good cause" standard to decide whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.* at 276. To determine whether there is "good cause" to permit expedited discovery to identify anonymous internet user doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39,* No. 11–3311, 2011 WL 4715200, at *2 (N.D.Cal. Oct.7, 2011) (citing *Columbia Ins. Co. v. seescandy. com,* 185 F.R.D. 573, 578–80 (N.D.Cal. 1999)). The Court will consider each of these factors in turn.

**A.     Identification of Defendants as Persons Who Can Be Sued**

Under the first factor, the Court must examine whether Plaintiff has identified the Defendant with sufficient specificity, demonstrating that Defendant is a real person or entity who would be subject to jurisdiction in this Court. *Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff proffers that it retained 6881 Forensics, LLC ("6881"), which utilized forensic software to identify Defendant's IP

2

address on the date and time that he engaged in the alleged distribution of *Five Fan Favorites* via the BitTorrent protocol. Compl. ¶ 22-23; Pl.'s App. at 2; Hansmeier Decl. ¶¶ 3, 20. Plaintiff explains that Defendant gained access to the Internet only by setting up an account through an ISP, and that by providing the ISP the relevant information, the ISP can look up Defendant's identity by reviewing its subscriber activity logs. Pl.'s App. at 2; Hansmeier Decl. ¶¶ 28-30. Thus, the Court finds that Plaintiff has come forward with sufficient information demonstrating that Defendant is a real person or entity who may be sued in federal court. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (finding that the plaintiff had identified the doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleged the particular defendant engaged in the infringing conduct).

**B. Previous Steps Taken to Identify the Doe Defendants**

Under the second factor, the Court must assess the prior steps Plaintiff has taken to locate Defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id*. Having reviewed Mr. Hansmeier's testimony, the Court is satisfied that Plaintiff has sufficiently described its efforts to identify Defendant. Mr. Hansmeier states 6881's System inspects file-sharing networks for computers that are distributing at least a substantial portion of a copy of a copyrighted work owned by Plaintiff, and when 6881 finds such a computer, its system also collects publicly accessible information, including the time and date the infringer was found, the IP address assigned to the infringer's computer, the size of the accused file, and the name of the ISP having control of the IP address. Hansmeier Decl. ¶¶ 18-20. Mr. Hansmeier states that, because of the partially anonymous nature of the P2P Internet distribution system used by Defendant, 6881 is unable to determine his true name, street address, telephone number, and email address. *Id.* at ¶ 21.

**C. Withstanding a Motion to Dismiss**

Under the third factor, the inquiry shifts to the substance of Plaintiff's claims and analyzes whether Plaintiff's Complaint would likely survive a motion to dismiss. *Columbia Ins. Co.*, 185

F.R.D. at 579. In its Complaint, Plaintiff has asserted a federal copyright infringement claim. To state a claim for copyright infringement, Plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work that are original. *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "To be liable for direct infringement, one must 'actively engage in' and 'directly cause' the copying." *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004).

Reviewing Plaintiff's Complaint, Plaintiff has adequately alleged that *Five Fan Favorites* is the subject of a valid Certificate of Registration issued by the United States Copyright Office and that Plaintiff is the exclusive rightsholder of the distribution and reproduction rights of the film. Compl. ¶¶ 18-19; Ex. A. Plaintiff has also alleged that Defendant reproduced and distributed *Five Fan Favorites* via BitTorrent to numerous third parties. Compl. ¶ 22. Additionally, Plaintiff has alleged that Defendant actively engaged in or directly caused the copying by completing each of the steps in the BitTorrent file-sharing protocol, including intentionally downloading a torrent file particular to *Five Fan Favorites*, loading that torrent file into the BitTorrent client, entering a BitTorrent swarm particular to *Five Fan Favorites*, and ultimately, downloading and uploading pieces of a *Five Fan Favorites* file to eventually obtain a whole copy of the file. *Id.* ¶¶ 22, 24, 34-36. Based on these allegations, the Court finds that Plaintiff has pled a prima facie case of copyright infringement.

Plaintiff has also made a prima facie showing that the Complaint would withstand a motion to dismiss for lack of personal jurisdiction. The Complaint alleges that the ISP associated with Defendant is located in California; thus, the allegations of the Complaint support an inference that Defendant resides in California. *Id.* ¶ 6. At this stage in the proceedings, this is a sufficient showing. Accordingly, Plaintiff has set forth sufficient supporting facts to survive a motion to dismiss.

**D.     Whether there is a Reasonable Likelihood of Being Able to Identify Defendant**

The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable

likelihood that the discovery it requests will lead to the identification of Defendant such that it may effect service of process. *Columbia Ins.*, 185 F.R.D. at 580. As indicated above, Plaintiff contends that the key to locating Defendant is through the IP addresses associated with the alleged activity on BitTorrent. Specifically, Plaintiff contends that because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve Defendant and proceed with this case. Taking this into account, the Court finds that Plaintiff has made a sufficient showing as to this factor.

**E.  Summary**

Taking the above factors into consideration, the Court finds that Plaintiff has demonstrated that good cause exists to grant it leave to conduct early discovery. Moreover, the Court finds that the expedited discovery sought furthers the interests of justice and presents minimal inconvenience to the ISPs to which the subpoenas are directed. Thus, the expedited discovery is in line with Rule 26(d).

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Ex Parte Application for Expedited Discovery (Dkt. No. 6) as follows:

Plaintiff is allowed to serve immediate discovery on Defendant John Doe's ISP by serving a Rule 45 subpoena that seeks information sufficient to identify Defendant, including his name and address. Plaintiff's counsel shall issue the subpoena and attach a copy of this Order.

The ISP will have 20 days from the date of service upon it to serve Defendant with a copy of the subpoena and a copy of this Order. The ISP may serve the Defendant using any reasonable means, including written notice sent to his last known address, transmitted either by first-class mail or via overnight service.

Defendant shall have 30 days from the date of service upon him to file any motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30–day period lapses without Defendant contesting the subpoena, the ISP shall have 14 days to produce the information responsive to the subpoena to Plaintiff.

Because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

The subpoenaed entity shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101–1322. Plaintiff shall serve Defendant with the summons, complaint, and other documents required by Civil Local Rule 4–2 within 120 days of learning his identity.

Should Plaintiff engage in settlement negotiations with Defendant, it shall not assert that he is being sued in San Francisco, unless Plaintiff believes that he is a resident of this District or has a good faith belief, consistent with Federal Rule of Civil Procedure 11(b), that it can otherwise establish personal jurisdiction over him in this District.

**IT IS SO ORDERED.**

Dated: September 18, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge